**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL VERA RIZO, AKA Manuel Vera Jr. Rizo, AKA Manuel Rizo, Jr., AKA Manuel Rizo Vera, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-73767 <br><br> Agency No. A077-126-866 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Manuel Vera Rizo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable and denying relief. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err or violate due process in finding the Department of Homeland Security ("DHS") met its burden of proving by clear and convincing evidence that Vera Rizo had been convicted of robbery under California Penal Code § 211, where DHS provided a certified electronic docket sheet reflecting Vera Rizo's no contest plea to that charge. *See* 8 U.S.C. § 1229a(c)(3)(B)(iii) (a docket entry from court records that indicates the existence of the conviction constitutes proof of a criminal conviction); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim). The record does not support Vera Rizo's contentions that the electronic docket sheet was mis-numbered, improperly certified, incomplete, or that it was otherwise insufficient to establish the existence of the conviction.

**PETITION FOR REVIEW DENIED.**